UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BRAZIER,

    Plaintiff,

    v.

MIAMI CORRECTIONAL FACILITY, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-453-JD-MGG

## OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, filed a complaint. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Brazier alleges that, on September 21, 2018, correctional staff canceled his scheduled recreational time. In response, he placed his right arm in the cuff port in protest and demanded to speak with a lieutenant. When Sergeant Heater ordered Brazier to remove his arm from the cuff port, Brazier refused. In an effort to remove Brazier's arm from the cuff port, Sergeant Heater and Officer Bever began

pulling and twisting at the arm and slamming the cuff port door on it. They stopped twice and attempted to negotiate with Brazier, but he continued to refuse their orders. Eventually, Sergeant Heater used pepper spray on Brazier, who then complied and removed his arm from the cuff port. Shortly thereafter, Officer Melanson arrived at Brazier's cell and asked him if he wanted a shower to wash off the pepper spray. When Brazier replied that he wanted a shower in addition to speaking with a lieutenant and going to the medical unit, Officer Melanson left without allowing him to shower. About forty-five minutes later, Brazier was taken to the medical unit and allowed to shower. As a result of the use of force incident, he suffered pain and bruises on his right shoulder, arm and neck. For his injures, he seeks money damages.

Brazier asserts an Eighth Amendment claim of excessive force against Sergeant Heater and Officer Bever for using force to remove his hand from the cuff port. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While Sergeant Heater and Officer Bever's use of force may have been a good faith effort to maintain discipline, the complaint states a plausible Eighth Amendment claim of excessive force against them.

Brazer further asserts an Eighth Amendment claim of deliberate indifference against Officer Melanson for delaying his access to medical treatment and a shower

following the use of force incident. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The complaint states a plausible Eighth Amendment claim of deliberate indifference against Officer Melanson.

Brazier also names the Miami Correctional Facility, Warden Hyatt, Major Tucker, and Lieutenant Bocker as defendants under a theory of supervisory liability. Though the Miami Correctional Facility is where these events occurred, the correctional facility is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Further, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Brazier does not describe how Warden Hyatt, Major Tucker,

and Lieutenant Bocker were personally involved with his claim, he cannot proceed against these defendants.

For these reasons, the court:

(1) GRANTS Kevin Brazier leave to proceed on an Eighth Amendment claim for money damages against Sergeant Heater and Officer Bever for using excessive force in their attempt to remove his arm from the cuff port on September 21, 2018;

(2) GRANTS Kevin Brazier leave to proceed on an Eighth Amendment claim for money damages against Officer Melanson for delaying his access to medical treatment and a shower following the use of force incident on September 21, 2018;

(3) DISMISSES the Miami Correctional Facility, Warden Hyatt, Major Tucker, and Lieutenant Bockover;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Heater, Officer Bever, and Officer Melanson, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Heater, Officer Bever, and Officer Melanson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin Brazier, has been granted leave to proceed in this screening order.

SO ORDERED on July 31, 2019

                                                  /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT